IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 97-50156
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

HUMBERTO DIAZ,

Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Texas
(EP-96-CR-82-1)

December 19, 1997

Before JOHNSON, DeMOSS, and JONES, Circuit Judges.

PER CURIAM:[*]

Humberto Diaz appeals the imposition of his 360 month sentence after his conviction for conspiracy to distribute and to possess with intent to distribute a quantity of marijuana, methamphetamine, and cocaine and for maintenance of a residence or a building for the purpose of distributing marijuana. For the first time on appeal, Diaz contends that the district court erred in basing the calculation of his sentence on the aggregate quantity of the three drugs rather than solely on the drug with the lowest penalty, marijuana.

[*] Pursuant to 5th CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th CIR. R. 47.5.4.

Because Diaz failed to raise this issue below, the Court's review will be for plain error only.  See United States v. Krout, 66 F.3d 1420, 1433-34 (5th Cir. 1995), cert. denied, 116 S.Ct. 963 (1996).  After a careful review of the arguments and authorities, the Court holds that no reversible error was committed.[1]

This Circuit follows the rule that "[p]unishment for a conviction of a multiple object conspiracy may not exceed the statutory maximum for the offense carrying the least severe penalty."  United States v. Fisher, 22 F.3d 574, 576 (5th Cir.), cert. denied, 513 U.S. 1008 (1994)(citing United States v. Cooper, 966 F.2d 936, 940 (5th Cir.), cert. denied, 506 U.S. 980 (1992)).  Diaz's sentence on the conspiracy count did not exceed the statutory maximum for distributing or possessing with intent to distribute the quantity of marijuana attributable to him, and as such, was within the limits of this rule.  Thus, no clear or obvious error was committed by the district court.

AFFIRMED.

---

[1]Under Federal Criminal Rule of Procedure 52(b), this Court may correct forfeited errors only when an appellant shows that there is an error, the error is clear or obvious, and the error affects his substantial rights. United States v. Calverly, 37 F.3d 160, 162-64 (5th Cir. 1994)(en banc), cert. denied, 513 U.S. 1196 (1995).  Even if these factors are established, this court may decline to exercise its discretion and correct the error unless the error "seriously affects the fairness, integrity, or public reputation of judicial proceedings."  United States v. McDowell, 109 F.3d 214, 216 (5th Cir. 1997).